# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION FUND<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | :<br>:<br>:<br>:<br>: |
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY HEALTH BENEFIT PLAN<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | :<br>:<br>:<br>:<br>: |
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY EDUCATIONAL PLAN<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | :<br>:<br>:<br>:<br>: |
| TRUSTEES OF THE ELEVATOR INDUSTRY WORK PRESERVATION FUND<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | :  **COMPLAINT**<br>:<br>:<br>:<br>: |
| and | : |
| TRUSTEES OF THE ELEVATOR CONSTRUCTORS ANNUITY AND 401(K) RETIREMENT FUND<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | :<br>:<br>:<br>:<br>:<br>: |
| Plaintiffs, | : |
| v. | : |
| CENTRAL TEXAS ELEVATOR LLC<br>123 Bob's Trail<br>Bastrop, TX 78602, | :<br>:<br>: |
| and | : |
| BEVERLY LEIGHTON<br>123 Bob's Trail<br>Bastrop, TX 78602, | :<br>:<br>: |
| Defendants. | : |

**COMPLAINT**

**(TO COLLECT AMOUNTS DUE TO BENEFIT FUNDS; FOR BREACH OF A COLLECTIVE BARGAINING AGREEMENT; AND FOR BREACH OF FIDUCIARY DUTY)**

**Parties**

1. The National Elevator Industry Pension Fund ("Pension Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Pension Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Pension Fund is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

2. The National Elevator Industry Health Benefit Plan ("Health Benefit Plan") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Health Benefit Plan was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Health Benefit Plan is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

3. The National Elevator Industry Educational Plan ("Educational Plan") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Educational Plan was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Educational Plan is administered at 19 Campus

Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

4. The Elevator Industry Work Preservation Fund ("Work Preservation Fund") is a labor-management cooperation committee as provided for in Section 302(c)(9) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(9), and Section 6 of the Labor-Management Cooperation Act of 1978, 29 U.S.C. § 175a. The Work Preservation Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Work Preservation Fund is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.

5. The Elevator Constructors Annuity and 401(k) Retirement Fund ("Annuity 401(k) Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Annuity 401(k) Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Annuity 401(k) Fund is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

6. Central Texas Elevator LLC ("Central Texas Elevator") is a Texas business existing under Texas laws whose principal office is located at 123 Bob's Trail, Bastrop, Texas 78602.

7. Central Texas Elevator transacts business in Texas as a contractor or subcontractor in the elevator industry and at all relevant times herein was an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), (12) and (14) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14); and Section 3 of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

8. At all relevant times, Central Texas Elevator was and is signatory and bound to the Agreement between the International Union of Elevator Constructors, AFL-CIO, and the National Elevator Bargaining Association ("Collective Bargaining Agreement") by virtue of its Short Form Agreement.

9. Beverly Leighton is an officer and owner of Central Texas Elevator, and resides at 123 Bob's Trail, Bastrop, Texas 78602.

10. At all relevant times, Beverly Leighton exercised control and discretion over the assets of Central Texas Elevator, including, but not limited to, decisions regarding the collection of receivables for Central Texas Elevator, the disbursement of payroll to employees, the disbursement of any payroll deductions authorized by Central Texas Elevator's employees, and the amounts to be paid to the Plaintiffs. Accordingly, Beverly Leighton is a fiduciary to the Pension Fund, Health Benefit Plan, Educational Plan, and Annuity 401(k) Fund, as defined in ERISA §3(21)(A), 29 U.S.C.A. §1002(21)(A).

11. During the period of January 1, 2022 through March 31, 2024, the Defendant Central Texas Elevator employed employees performing work covered by the Collective Bargaining Agreement.

## Jurisdiction

12. This Court has jurisdiction of this action under Sections 404, 409, 502 and 515 of the Employee Retirement Income Security Act of 1974 (as amended) ("ERISA"), 29 U.S.C. §§1104, 1109, 1132 and 1145, under Sections 301(a) and (c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) and (c), and supplemental jurisdiction for any state law claims under 28 U.S.C. Section 1367(a). This is an action to collect amounts due to employee benefit plans pursuant to an audit and under the terms of the Collective Bargaining Agreement, to enjoin the

violations of the terms of the employee benefit plans, for breach of fiduciary duty, and for appropriate equitable relief.

13. Venue is proper in this district pursuant to Sections 502(e)(2) of ERISA, 29 U.S.C. § 1132(e), and Sections 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c), as the district in which the Employee Benefit Plan Plaintiffs are located and administered.

14. This Court has personal jurisdiction over the Defendants pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Sections 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c).

## COUNT I

### (AMOUNTS OWED TO PLAINTIFFS FOR UNPAID CONTRIBUTIONS PURSUANT TO A PAYROLL AUDIT)

15. The Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 14 as if fully set forth in Count I.

16. Pursuant to the Defendant Central Texas Elevator's Short Form Agreement, the Defendant Central Texas Elevator agreed to pay to the Plaintiffs certain sums of money for each hour worked by Defendant's employees covered by the Collective Bargaining Agreement.

17. In January 2025, the certified public accounting firm of Daniel A. Winters & Co. first determined that amounts were owed to the Plaintiffs for unreported work performed from January 1, 2022 to March 31, 2024. The Plaintiffs were not aware that amounts were owed to them by the Defendants prior to that time.

18. Defendants employed certain employees covered by the Collective Bargaining Agreement but failed to report or pay the amount when due to the Plaintiffs for all work performed by all employees in various months from January 1, 2022 to March 31, 2024 as required by the

Collective Bargaining Agreements, Short Form Agreement, and the Plaintiffs' Restated Agreements and Declarations of Trust in the amount of $75,494.33.

19.     The Collective Bargaining Agreements, Short Form Agreement, and the Plaintiffs' Restated Agreements and Declarations of Trust provide that an employer who fails to pay the amounts required when due shall be obligated to pay, in addition to the contributions owed, liquidated damages plus interest from the date due through the date of payment.

20.     The Collective Bargaining Agreement, Short Form Agreement, and the Plaintiffs' Restated Agreements and Declarations of Trust also provide for reasonable attorneys' fees, court costs and audit fees.

## COUNT II

### (FOR BREACH OF FIDUCIARY DUTY)

21.     The Plaintiffs hereby adopt, incorporate and restate in Count II paragraphs 1 through 20 of Count I as if fully set forth in Count II.

22.     The Defendant Beverly Leighton executed the Short Form Agreement on May 31, 2012 and August 19, 2022, agreeing to be bound to the terms of the Collective Bargaining Agreement and the Benefit Funds' Restated Agreements and Declarations of Trust.

23.     The Defendant Beverly Leighton was and is responsible for creating and operating Central Texas Elevator and determining the total amount of employer contributions to report and pay to the Benefit Fund Plaintiffs from Central Texas Elevator's assets, and the total amount of contributions withheld from employees' wages to pay to the Health Benefit Plan from Central Texas Elevator's assets.

24. Defendant Beverly Leighton commingled assets of Central Texas Elevator payable to the Plaintiffs with the general assets of Central Texas Elevator and used those assets for purposes other than to pay the Plaintiffs.

25. Defendant Beverly Leighton exercised authority and control over the Benefit Fund Plaintiffs' plan assets and is a fiduciary as defined by Section 2(21) of ERISA, 29 U.S.C. § 1002(21).

26. The amounts due, unreported and unpaid by Defendant Central Texas Elevator as determined by the payroll audit are assets of the Plaintiffs as established in the Collective Bargaining Agreement and the Benefit Funds' Restated Trust Agreements.

27. The factual contentions in Paragraphs 8 through 11 and 22 through 26 of this Complaint are reasonable based upon belief.

**WHEREFORE,** the Plaintiffs pray judgment on Counts I through II as follows:

1. That the Court find the Defendant Central Texas Elevator liable in the amount of contributions, interest, liquidated damages, attorneys' fees, court costs, and audit costs owed to the Plaintiffs pursuant to an audit for the period of January 1, 2022 to March 31, 2024;

2. That the Court find Defendant Beverly Leighton jointly and severally liable in the amount of contributions, interest, liquidated damages, attorneys' fees, court costs, and audit costs owed to the Plaintiffs pursuant to an audit for the period of January 1, 2022 to March 31, 2024;

3. To enter judgment against the Defendants Central Texas Elevator and Beverly Leighton in the amount of reasonable attorneys' fees and costs incurred by the Plaintiffs in bringing this action; and

4.     For such further relief as the Court may deem appropriate

                                      Respectfully submitted,

DATE: <u>February 4, 2026</u>     <u>s/ Andrew Costa-Kelser</u>
                                      Andrew Costa-Kelser, Bar No. 314865
                                      **O'DONOGHUE & O'DONOGHUE LLP**
                                      325 Chestnut Street
                                      Suite 600
                                      Philadelphia, PA  19106
                                      Telephone (215) 629-4970
                                      akelser@odonoghuelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132(h) this 4th day of February, 2026 on the following:

Internal Revenue Service,
Office of the Associate Chief Counsel, CC:EE
Room 4300
1111 Constitution Avenue, NW
Washington, DC 20224

Secretary of Labor
200 Constitution Avenue, N.W.
Washington, DC 20210
ATTN: Assistant Solicitor
          for Plan Benefits Security


s/ Andrew Costa-Kelser
Andrew Costa-Kelser